**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**PENIAMINA WILSON, Defendant**

High Court of American Samoa
Trial Division

CR No. 8-93

April 29, 1993

Before KRUSE, Chief Justice, MAILO,. Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Donald M. Sheehan, Assistant Attorney General
For Defendant, Jill W. Crew and Charles V. Ala'ilima

Defendant Peniamina Wilson brought several pre-trial motions.

### A. On Motion for Severance

Defendant seeks to sever his trial from that of the other defendants. He asserts that if this is not done, the jury will infer conduct of his co-defendants upon him, in contravention of his right to an impartial jury. Additionally, he maintains that, due to the large number of defendants and the relatively small number of peremptory challenges, he will not be able to obtain "jurors that are preferred and desired to be selected."

We note at the outset that the decision to sever properly-joined defendants (and all parties have agreed that defendants were properly joined, per T.C.R.Cr.P. 8(b)) is made at the sound discretion of the trial court. *See, e.g., United States v. Lane*, 474 U.S. 438, 449, n.12 (1986). The United States Supreme Court has stated that a

> · court should grant a severance under Rule 14 [the equivalent of T.C.R.Cr.P. 14] only if there is a serious risk that a joint trial would compromise a specific trial right of one. of the defendants, or prevent the jury from

27

making a reliable judgment about guilt or innocence. . . . For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

*Zafiro v. United States*, 61 U.S.L.W. 4147, 4148 (U.S. Jan. 26, 1993) (No. 91-6824). While none of these factors mandates that a separate trial be granted, they are to be considered in deciding upon a severance motion.

Defendant's contention that he will be unable to obtain jurors he prefers is wholly lacking in merit. It is well settled that a defendant does not have the right to a trial by any particular jury or jurors, but only to a trial by a competent and impartial jury. This he will get.

Taking into account all of the above considerations, the court agrees to spare the defendant the possible burden of being tried together with eight other defendants. Utilizing the sound discretion which informs the decision to sever co-defendants under T.C.R.Cr.P. Rule 14, we order that defendant Peniamina Wilson shall be tried together with defendants Ronald Tui, Fautua Maiava, and Tamasamoa Tauai.

The Motion for Severance is, therefore, GRANTED, on the conditions stated above.

B. On Motion to Suppress Written Statement and Photo Line-Up

Defendant asserts that the written statement of defendant made on the morning of December 29, 1992, was invalid, as defendant was not informed of his constitutional rights before such statement was made. In addition, he contends that the photographic line-up used to identify him was unduly suggestive and violative of his due process rights and that any evidence obtained as a result of this lineup should be suppressed. In the interest of brevity, we state here only that these arguments lack merit. A fuller discussion may be found in our Order dated April 28, 1993, in CR No. 03-93.

The Motion to Suppress Written Statement and Photo Line-Up is, therefore, DENIED.

28

## C. On Motion for List of Prosecution Witnesses

The defendant has shown no need for a list of prosecution witnesses and is not entitled to one under either T.C.R.Cr.P. Rule 16(a)(2) or the Constitution. *See United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987).

The Motion for List of Prosecution Witnesses is, therefore, DENIED.

## D. On Motion for Bill of Particulars

Defendant claims that the information filed by the government is lacking sufficient detail to enable him to properly prepare for trial. He asks for additional information establishing the elements of the charges brought against him, namely assault in the first degree, assault in the third degree, and fabricating physical evidence. We do not find that the information provided by the government to be so wanting as to require such a bill of particulars.

So long as the defendant has enough information to "adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense," *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1972), a bill of particulars is not required. The defendant is required to look at all of the sources provided by the government, not simply the information formally charging him with the crime. *See* 1 C. Wright, Federal Practice and Procedure § 129, at 437 (1982). We are satisfied that the government has provided sufficient specificity to make the defendant aware of the charges and to allow him to prepare for his defense. "Bills of particulars are not to be used as a discovery tool by the defendant," *U.S. v. LBS Bank-New York, Inc.*, 757 F. Supp. 496, 507 (E.D. Pa. 1990); to allow the defendant his motion would be to sanction just such a procedure.

The Motion for Bill of Particulars is, therefore, DENIED.

## E. On Motion to Dismiss

The defendant's final motion seeks to dismiss the charge of Fabricating Physical Evidence for lack of evidence. At the hearing, defendant's counsel contended that the government did not identify which document was misleading or which government official was misled. The government replied that the document in question was the statement made

29

by the defendant on the morning of December 29, 1992, and the government officials mislead by this document were those investigating the incident, who were present at the preliminary examination of the defendant. We are satisfied that there was sufficient evidence at the time of this preliminary examination to sustain the charge against the defendant.

The Motion to Dismiss is therefore DENIED.

It is so ordered.